GARDEN, JUDGE:
On June 29, 1977, around 1:00 p.m., the claimant was proceeding from his home in Alum Creek to the Big Bend Golf Course and was travelling on the Coal River Road near the íornado Bridge. He was operating his 1975 Dodge van. Before reaching the Tornado Bridge, he was stopped in a line of traffic by one of respondent’s flagmen. The road at this point was a narrow, two-lane road of asphalt construction. After being motioned to proceed and after he had passed the flagman, the claimant discovered for the first time that respondent had placed tar on both lanes of the road, and for a distance of about 100 yards, he was forced to drive his van through this tarred area. Prior to getting into this tarred area, he had not been warned of the condition of the road by warning signs or other means.
*67 As a result of the foregoing, the claimant’s van was heavily-splashed with tar. He proceeded to Big Bend and played golf, but, upon his return home some 5 or 6 hours later, he attempted to remove the tar with the use of gasoline and kerosene, but to no avail. Subsequently, the tar was removed by the Royal Oldsmobile Company of Charleston at a cost of $154.50.
The respondent called Lewis Caruthers, Jr., the respondent’s foreman on this particular project, who admitted that respondent had done the tarring on the road on or about the date in question. He further testified that he had successfully removed similar tar from vehicles with the use of diesel fuel, if the same was used shortly after the tar had become applied. We, of course, agree that the claimant is under a legal duty to minimize his damage, but we do not feel that the claimant’s efforts to remove the tar were unreasonable. We are of the further opinion that respondent’s failure to warn the claimant of the presence of this tar or its failure to tar only one lane of traffic at a time constituted negligence. We therefore make an award in favor of the claimant in the amount of $154.50.
Award of $154.50.